

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 10, 1968

This Opinion
Affirms Opinion

#_____

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas   78711

Dear Dr. Edgar:

Opinion No. M-275

Re:  May a County Judge receive
     compensation from the State
     or County Available School
     Fund by virtue of Articles
     2701 and 3888, V.C.S., to
     the extent authorized in
     Section 1(b), Article 2688h,
     office and travel expense,
     and related question.

Your request for an opinion reads as follows:

"The office of elective county superintendent of Galveston County has been abolished under the provisions of Section 1(b), Article 2688h, and the County Judge is performing such additional duties as are prescribed therein.

"An annual compensation of $2,650 to the County Judge from 'county funds' for the performance of the additional duties is permissible under Section 1(b), supra, with no mention made for an assistant salary nor for office and travel expense.

"For purposes of this Agency, we need and would appreciate receiving from your office an opinion on the following question(s):

"Do Articles 2701 and 3888 have application to allow payment from State or County Available School Fund of compensation to a County Judge to the extent authorized in Section 1(b), Article 2688h, office and travel expense, and/or salary for an assistant for performance of duties pre-scribed in Article 2688h, Section 1(b)?

"Transmitted herewith is correspondence this Agency has had in connection with the matter, which contains factual information and references which may prove of some assistance in review of the in-quiry."

- 1334 -

The office of county superintendent of Galveston County, under the facts submitted, was abolished pursuant to the provisions of Article 2688h, Vernon's Civil Statutes, and the County Judge of Galveston County is performing the duties of county superintendent. Section 1(b) of Article 2688h specifically provides:

"... provided further, that said county judges may receive additional compensation as a result of these additional duties from county funds, but in any event not to exceed Two Thousand Six Hundred Fifty Dollars ($2,650) per annum."

It was held in Attorney General's Opinion WW-1495 (1962) that a County Judge of a county which abolishes the office of county superintendent under the provisions of Section 1(a) of Article 2688h is not authorized to have an assistant or receive any compensation under the provisions of Article 3888, Vernon's Civil Statutes. Attorney General's Opinion C-41 (1963) stated that where the office of county superintendent is abolished under Article 2688h, the County Judge is not entitled to any extra compensation, assistant or any office and travel expense.

We reaffirm Attorney General's Opinion WW-1495 as modified by Attorney General's Opinion C-41.

We are supported in this view by the fact that the Legislature in enacting Article 2688L (not applicable to Galveston County) specifically authorized travel and office expenses to be used by the County Judge performing the duties of ex officio county superintendent and to pay such expenses from the State Available School Fund. Had the Legislature intended the same for counties governed by the provisions of Article 2688h, the Legislature would have undoubtedly provided similar appropriate language in Article 2688h rather than the language actually used.

SUMMARY

Where the office of county superintendent is abolished under Section 1(b) of Article 2688h, Vernon's Civil Statutes, and the duties of the office are assumed by the County Judge, he is not entitled to office and travel expense and/or salary for an assistant, in addition to the $2,650.00 compensation provided for in Section 1(b) of Article 2688h.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
James Quick
Bill Allen
Jack Sparks
Roy Mouer

A. J. CARUBBI, JR.
Executive Assistant